# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MAURICE JORDAN, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| SAKS & COMPANY LLC d/b/a SAKS FIFTH AVENUE, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Maurice Jordan ("Plaintiff"), by and through his undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Saks & Company LLC d/b/a Saks Fifth Avenue (hereinafter "Saks" or "Defendant"), showing the following:

### I. NATURE OF COMPLAINT

1. Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of his rights pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

### II. PARTIES

2. Plaintiff is a resident of the State of Georgia, a citizen of the United States of

America, and is subject to the jurisdiction of this Court.

3. Defendant is a Foreign Limited Liability Company with a principal office located at c/o Saks Incorporated, 225 Liberty Street, 31st Floor, New York, New York 10281.

4. Defendant may be served by delivering a copy of the Complaint and Summons to its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092

5. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of the ADA.

7. The majority of the events plead herein occurred at Defendant's work site in Atlanta, Georgia.

8. This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Atlanta Division of the Northern District of Georgia.

9. Plaintiff exhausted all administrative remedies in this matter.

10. This action has been timely commenced.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

12. Defendant is now, and at all times relevant hereto has been, an employer subject to the ADA.

13. Plaintiff was employed by Saks as a Fragrance Specialist, and later Sales Advisor, from August 9, 2021, until his termination on November 9, 2022.

14. During all relevant time periods, Plaintiff reported directly to Ms. Laurie Baker, Client Development Manager.

15. During all relevant time periods, Plaintiff worked at Defendant's location in Atlanta, Georgia.

16. Prior to the events in question, Plaintiff had a positive history with Saks.

17. On or about November 4, 2022, Defendant issued Plaintiff a written warning for alleged tardiness.

18. Specifically, Ms. Baker accused Plaintiff of clocking in late and leaving work early.

19. In response to this write-up, Plaintiff explained that the medication he took for his disability negatively impacted his work attendance.

20. Specifically, Plaintiff takes medication to manage fatigue and weakness as caused by a medical condition.

21. Plaintiff's medical condition substantially limits one or more of Plaintiff's major life activities.

22. Mr. Alberto Sanchez, Director of Diversity, Equity, and Inclusion, directed Plaintiff to submit an ADA accommodation request form and thereafter his written warning would be reversed.

23. Plaintiff thereafter asked Ms. Baker for an accommodation form as directed by Human Resources.

24. Ms. Baker responded that no form was needed.

25. When Plaintiff reiterated that he needed a form to request a formal accommodation for his chronic medical condition, Ms. Baker again ignored his request.

26. Approximately eight (8) days later, Defendant terminated Plaintiff's employment without granting his accommodation request.

27. Although Saks alleges that Plaintiff's termination was due to a customer complaint, Plaintiff denies this allegation and followed as standard practice the instructions of Ms. Antoinette LNU[1], Security Officer, who suspected a customer of shoplifting.

28. Following his termination, Plaintiff filed claims with the Equal Employment

---

[1] Last Name Unknown.

Opportunity Commission ("EEOC").

29.    Plaintiff received his Dismissal and Notice Rights from the EEOC.

## V. CLAIMS FOR RELIEF

## COUNT I: ADA DISCRIMINATION

30.    Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

31.    Plaintiff is a qualified individual with a disability.

32.    Defendant was aware of Plaintiff's condition following his disclosure and request for accommodations.

33.    After Plaintiff requested medical accommodations, Defendant denied his request by refusing to give him the necessary paperwork.

34.    Defendant thereafter terminated Plaintiff's employment.

35.    The timing of Plaintiff's notice of his disability and request for accommodations in relation to his termination are evidence of a discriminatory animus.

36.    Defendant has no legitimate business reasons for the adverse action against Plaintiff.

37.    Plaintiff suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery.

## COUNT II: ADA RETALIATION

38. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

39. Plaintiff is a qualified individual with a disability.

40. Defendant was aware of Plaintiff's condition following his disclosure and request for accommodations.

41. After Plaintiff requested medical accommodations, a protected activity, Defendant denied his request by refusing to give him the necessary paperwork.

42. Defendant thereafter terminated Plaintiff's employment.

43. The close temporal proximity of Plaintiff's request for accommodations to his termination is evidence of causation.

44. Defendant has no legitimate business reasons for the adverse action against Plaintiff.

45. Plaintiff suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. That judgment be entered against Defendant on all claims;

c. Actual, compensatory, and liquidated damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages;

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper;

f. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

g. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

h. Any other relief this Court deems proper and just.

Respectfully submitted this 26th day of December, 2023.

                                      THE KIRBY G. SMITH LAW FIRM, LLC

                                      s/Amanda M. Brookhuis
                                      Amanda Brookhuis
                                      Georgia Bar No. 601396
                                      Kirby G. Smith
                                      Georgia Bar No. 250119
                                      *Attorney for Plaintiff*

4488 North Shallowford Rd., Suite 105
Atlanta, Georgia 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 26th day of December, 2023.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Amanda M. Brookhuis
        Amanda Brookhuis
        Georgia Bar No. 601396
        *Attorney for Plaintiff*